———o———

JOHN S. THOMPSON v. THE DETROIT & LAKE SUPERIOR COPPER COMPANY.

*Contract—Hiring—Wages.*

1. Where a foreman who has been receiving $125 per month for several years is engaged for another year without anything

being said as to the wages to be paid, they will be presumed to continue at the old rate.

2. The charge in this case, when construed as a whole, is held to fairly submit the question of plaintiff's alleged hiring, and the date thereof, to the jury.

Error to Wayne. (Brevoort, J.) Argued April 22, 1890. Decided May 2, 1890.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Otto Kirchner,* for appellant, contended:

1. It was for the jury to say what was the effect of the oral negotiations and understandings of the parties; citing *McKenzie v. Sykes,* 47 Mich. 294; *Spalding v. Archibald,* 52 Id. 365.

*Conely, Maybury & Lucking,* for plaintiff, cited no authorities.

LONG, J. The assignments of error in this cause all. relate to the charge of the court.

It appears that the defendant operated a copper-smelting works in Detroit. The plaintiff had worked for many years for the defendant in various capacities, and for the last few years as engineer in defendant's Detroit works, and from June 1, 1881, as foreman of one of the shops. The record states the claim of the parties as follows:

"On the trial the plaintiff gave evidence tending to show that on or about June 1, 1881, he was employed as foreman of one of the smelting shops at $1,200 per year, which was subsequently increased to $1,500; that no definite time for such employment to continue was mentioned until about May 18, 1887, when Mr. Cooper, the general agent of the defendant, told plaintiff that he would not be needed after the end of May. On June 1, 1887, Mr. Edwin Reeder, the general agent in the absence of Mr. Cooper, whose time was principally spent at Lake Superior, engaged plaintiff for another year; Reeder stating that he had received telegraphic orders from Mr.

Cooper to do so.    The telegram was not read or shown
to the plaintiff.    He continued work until December 31,
1887, when he was discharged.    He could get no other
employment during the unexpired portion of the year."

The defendant gave evidence tending to show that on
May 30, 1887, a telephone message was received at the
office of the defendant that a message had been received
at the telegraph office, as follows:

"MR. EDWIN REEDER:

"Keep Mr. Thompson this year, if he will stay.    C. &
H. may still send mineral to Detroit.    Will write.
                                        "J. R. COOPER."

That Mr. Reeder on the same day read the telegram to
Mr. Thompson, who said, "All right," or something to
that effect; that defendant's fiscal year closed March 31
each year; that the works at Detroit were permanently
closed about the end of December, 1887; that it was not
known in May or June, 1887, but that the works in
Detroit would be run in 1888 as well as in 1887.    This
is, in substance, all the evidence contained in the record.

The plaintiff's contention on the trial was that Cooper,
the defendant's general agent, on May 18, 1887, told him
he would not be needed after the end of May, but that
Mr. Reeder, the general agent in the absence of Cooper,
on June 1, 1887, engaged him for another year, Mr.
Reeder stating that he had telegraphic orders from Mr.
Cooper to do so, and that to this arrangement the plaint-
iff assented.    It is therefore claimed that this was an
absolute hiring for one year from June 1, 1887, and that,
the defendant having discharged him without cause on
December 31, 1887, he is entitled to recover for the bal-
ance of the year,—five months,—at $125 per month; being
at the rate of $1,500 per year, the wages which he had
received for several years previous.

The defendant claimed on the trial, and that claim is
insisted upon here, that on May 30, 1887, Mr. Reeder

received the telephone message from the office of the telegraph company, and that this message was read to the plaintiff on the same day, and that the plaintiff thereupon replied, "All right;" that, it further appearing that defendant's fiscal year closed on March 31 each year, and that it was not known in May or June, 1887, whether the works could be run in the year 1888, and they having closed down on December 31, 1887, the jury might have found either that the plaintiff was employed only for the year 1887, in which case the plaintiff was not entitled to recover anything, or that plaintiff was employed until March 31, 1888, the end of defendant's fiscal year, in which event he was only entitled to recover for three months.

The court, among other matters, charged the jury as follows:

"Whether he hired him another year or not, I will not say; but it is for you to say exactly the language that the plaintiff used as to the time."

In another portion of the charge the court said:

"But, if you believe from all the evidence—that is, by a preponderance of evidence—that it was on June 1 that the parties had this conversation, then the plaintiff is to recover."

And again the court said:

"If you should think the plaintiff is entitled to recover, then he is entitled to recover the sum of $125 a month for five months, and interest at 6 per cent. per annum."

Counsel for defendant contends that, taking these portions of the charge, it left only one question to the jury, —that is, when the conversation was had between the parties that formed the contract,—and, if they found it was on June 1, then the court decided that plaintiff was entitled to recover for five months' wages; that this charge

is inconsistent and contradictory, and the jury were absolved from the duty of determining whether there was any contract, but were directed to find for the plaintiff if they found that a conversation which may or may not have eventuated in a contract was had on a certain day, and that, so far as it directed the amount of the verdict for the plaintiff, it took from the jury the question what the contract was.

There would be much force in the contention of defendant's counsel if the charge was to be interpreted and conclusions drawn from these few detached sentences which he sets out in his brief. But the charge is to be construed as a whole; and the charge, taken together, is not open to the objections made here. The plaintiff's claim was that the contract was made on June 1, and that the hiring was for one year from that date. The court stated this claim to the jury, and from the whole charge it appears that this question was left fairly for their determination. The court expressly stated to the jury that, if they found the telegram was read to the plaintiff as testified by Mr. Reeder, the plaintiff could not recover; that is, the jury were told expressly that the only theory upon which the plaintiff was entitled to recover for any amount was that the contract was made on June 1, and for one year.

We see no error in the court's directing the jury that the sum should be at the rate of $125 per month. This was the wages he was receiving at the time of the new contract; and, if the contract was made as claimed, there being nothing said as to the amount of wages to be paid, it must be presumed that it was at the same rate.

This covers all the assignments of error that call for any notice. The court, in effect, gave the request which defendant now insists he should have given. The jury

found a verdict in favor of plaintiff, and he had judgment thereon. The judgment must be affirmed, with costs.

CHAMPLIN, C. J., MORSE and CAHILL, JJ., concurred. GRANT, J., did not sit.